Mario Pittoni, J.
This is an action for a judgment declaring the zoning ordinance of the town unconstitutional insofar as it prohibits the subject property from being used for a gasoline service station.
The plaintiffs claim that they have diligently sought to put the property to profitable and productive use in accordance with the uses permitted by the ordinance, but have been unable to develop any interest in it except as a gasoline service station; that the only use for which the property is reasonably suited of *73 adapted is as a gasoline service station; and that the property is therefore not reasonably adapted to any use permitted by the ordinance. Therefore, say the plaintiffs, the ordinance is unconstitutional and void as it applies to their property.
The property is located at the northwesterly corner of New-bridge Road and Hempstead Avenue in Hicksville, and is over 220 feet by 150 feet.
The whole area, including Hempstead Avenue and Newbridge Road, is predominantly residential with Newbridge Road “spotted (business) up and down Newbridge Road between Hempstead Turnpike and Old Country Road ’ \
The property was previously zoned Residence “ E ”. However, on March 5, 1957 the Town Board, acting upon a petition of the plaintiffs, as conditional contract vendees, and of the conditional contract vendor, amended the ordinance to include the property in Business “F” zone. Under section F-l, as amended, the property was now usable for at least 20 business purposes including “19. * * * filling stations, when permitted by the Town Board, after a public hearing”.
On April 9,1957 the plaintiffs took title to the property, then more than twice the size of the property in issue, for $50,000. At that time the plaintiffs did not intend to use the property as a gasoline service station. In fact, they thereafter rented a portion thereof, 130 feet by 220.7 feet, to the Carvel Company for use as an ice-cream and refreshment stand at $200 per month on a 20-year lease.
On April 8, 1958 the Town Board amended the ordinance so as to prohibit the erection and maintenance of gasoline service stations as permitted uses in Business “ F ” districts. This amendment permitted such uses only in Business “ U ” districts.
On January 16,1959 the plaintiffs petitioned the Town Board to rezone the property from Business “ F ” to Business “ Gr ”, and to grant permission to erect and maintain a gasoline service station on the property. However, on April 7, 1959, the Town Board denied the application.
As previously stated, the plaintiffs contend that the only reasonable use to which the remaining property, now approximately 150 feet by 220 feet, can be put is a gasoline service station, and that it cannot be used for any other of the 19 permitted uses. In support of this petition the plaintiffs’ real estate expert gave his opinion that the remaining property could be used profitably only as a gasoline service station. However, this contention is weakened by the fact that nearly half the property is now used by Carvel to sell ice cream and other refreshments, and by the fact that an offer was made to use *74 the property for a hamburger stand. The plaintiffs refused the latter offer because they did not think it would give them a sufficient return. It is fundamental that the mere fact that the property as presently zoned cannot obtain for its owner the highest profit or return does not make the zoning ordinance unconstitutional. The due process clauses of the Constitutions do not require legislative bodies to permit the highest financial use of the property involved (Rodgers v. Village of Tarrytown, 302 N. Y. 115, 126; Matter of Tartashy v. Larkin, 13 Misc 2d 648).
The plaintiffs’ real estate expert said that he had made many efforts to obtain buyers or tenants for the property, but that the only reasonable offers were by gasoline companies.
This expert also felt that a diner would not do well in that area because it was not a main thoroughfare and would not attract truck trade. He took this position even though the complaint said that the intersection of Newbridge Road and Hemp-stead Avenue is “ well travelled ”, and he himself said that this was a busy intersection. It is difficult to agree with him that diners are attractive only to the truck trade. Furthermore, he did not consider other types of restaurants in his consideration and opinion.
The plaintiffs’ expert gave his opinion in respect to “ the use of that property for shops or stores to sell to consumers at retail ’ ’. His answer was that “ as a builder of shopping centers I certainly would not want any part of it ”. This opinion certainly is not strong enough to exclude the property from use by shops or stores to sell to retail consumers; in fact, there are other such stores in the area.
The plaintiffs’ expert also admitted that “ the fact that a Carvel was put on this property actually took away from the permitted uses ”. In short, the act of the plaintiffs themselves put them in the predicament which they now claim is caused by the ordinance.
It is fundamental that the enactment or the amendment of a building zoning ordinance is a legislative act and that the burden of proving a legislative act unconstitutional or otherwise invalid is upon the assailant. If the validity of the ordinance is fairly debatable, the judgment of the legislative body is conclusive and beyond interference by the courts (Levitt v. Incorporated Village of Sands Point, 6 N Y 2d 269; Rodgers v. Village of Tarrytown, 302 N. Y. 115, supra, Shepard v. Village of Skaneateles, 300 N. Y. 115; Gregory v. Incorporated Village of Garden City, 18 Misc 2d 478, 484; Linn v. Town of Hempstead, 10 Misc 2d 774, 775, 782; also Wiggins v. Town of *75 Somers, 4 N Y 2d 215). Furthermore, the assailant has the burden of proving that the ordinance so restricts the use of his property that it cannot be used for any reasonable purpose under the uses permitted by the ordinance (Matter of Plain-Pike Realty Co. v. Sanford, 10 A D 2d 644; Arverne Bay Const. Co. v. Thatcher, 278 N. Y. 222; Capobianco v. Town of North Hempstead, 21 Misc 2d 32).
The court takes judicial notice of the fact that no matter how great the precautions taken by the operators of gasoline service stations, gasoline is still a flammable, combustible, explosive material, and that the burning or explosion of even one of these gasoline storage tanks could be catastrophic to the surrounding area.
Thus, in view of the fife and explosive hazard involved, and in view of the plaintiffs’ failure to establish that the only reasonable use to which the property could be put was as a gasoline service station, this court cannot find that the Town Board’s action in refusing to act favorably upon the plaintiffs’ petition was unreasonable, arbitrary or capricious. The plaintiffs therefore have failed to sustain their burden of proof beyond fair debate or beyond reasonable doubt (Levitt v. Incorporated Village of Sands Point, 6 N Y 2d 269, supra; Rodgers v. Village of Tarrytown, 302 N. Y. 115, supra; Wiggins v. Town of Somers, 4 NY 2d 215, supra; Gregory v. Incorporated Village of Garden City, 18 Misc 2d 478, 484, supra; Linn v. Town of Hempstead, 10 Misc 2d 774, 775, 782, supra).
The complaint is dismissed.
This is the decision of the court pursuant to section 440 of the Civil Practice Act. Submit judgment.