Mario Pittoni, J.
Application for an order pursuant to article 78 of the Civil Practice Act annulling the determination of the respondent Board of Appeals and directing the issuance of a permit to erect a gasoline station on the petitioners’ premises at the southeast corner of North Main Street and Forest Avenue in the Incorporated Village of Freeport is denied.
The court has examined the record of the hearing held by the respondent board and finds that the evidence submitted would not support a variance of the zoning regulations affecting the petitioners’ premises. To obtain a variance a property owner must show that “ (1) the land in question cannot yield a reason *818 able return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality.” (Matter of Otto v. Steinhilber, 282 N. Y. 71, 76; emphasis supplied.)
Here, the record does not reveal any unique condition but rather a general condition of the area. Two affidavits by real estate brokers familiar with the area were submitted to the board. In one the broker states “the neighborhood has progressively retrogressed in recent years and existing uses in the general area are not conducive to the customary stores and offices found in better type business areas and that the heterogeneous business and business uses adjacent to the property preclude the desirability of the plot for residential use.” A similar statement regarding the general area is found in the second affidavit. If as these affidavits indicate the vacant land on North Main Street in the vicinity of the subject property cannot reasonably be used for any of the uses permitted in a Business “ B ” district, this is a general condition which, as stated in the Otto case (supra), does not authorize a variance by a zoning board of appeals.
Another deficiency in the affidavits of the brokers and the statement of the petitioner Vincenzo Saitta is the failure to elaborate on the efforts to sell the property, the amount of advertising, the terms and conditions of the offers of sale. (See Matter of Forrest v. Evershed, 7 N Y 2d 256.)
In view of these defects in proof the application is denied.
The observation may be made that had the petitioners ’ proof met the requirements, the failure of the respondents to comply with the provisions of section 1291 of the Civil Practice Act would permit a final order in favor of the petitioners under section 1297 of the Civil Practice Act. (Matter of Lemir Realty Corp. v. Larkin, 8 A D 2d 970; Matter of Dun Roamin Corp. v. Larkin, 11A D 2d 737.) Moreover, in denying an application the respondent Board of Appeals should have made findings of fact in support of its decision. (Matter of Syosset Holding Corp. v. Schlimm, 4 A D 2d 766; Matter of Bach v. Board of Zoning Appeals, 282 App. Div. 879.) Submit order.