Mamo Pittoni, J.
The petitioner, a contract vendee, has brought this article 78 proceeding to review and annul the action *562 of the Town of Hempstead Board of Zoning Appeals which denied the petitioner’s application for a variance permitting the erection of two one-family dwellings on a corner parcel of land containing 10,000 square feet and held in single and separate ownership, and to direct the board to grant the variance.
The town zoning ordinance, as amended in 1957, provides that in a district in which the property is situated each lot on which a building is to be erected shall have a minimum area of 6,000 square feet, but also provides that this regulation shall not apply to a lot of less area and width if the lot has an area of at least 4,000 square feet and was under ownership different from that of any adjoining land on October 25, 1957, the effective date of the amendment.
In July, 1935 petitioner’s vendor purchased the subject parcel and erected on the westerly portion a small Summer cottage. In October, 1959 the vendor contracted to sell the entire parcel to the petitioner, contingent upon petitioner obtaining a variance to erect two one-family dwellings, each to be on a parcel 50 feet in width by 100 feet in depth and containing an area of 5,000 square feet.
At the hearing before the board the petitioner and two real estate brokers testified as to the market value of the property and of homes in the area. The appraised value of the property “ as is ” was stated to be $7,000 to $7,500, and the value of the land alone was $6,000 to $6,500. The petitioner testified that he could reasonably build a house for $12,000 with a sales price of $19,500.
Further evidence showed that of 128 improved plots in the area 80 of them were substandard and that division of the property into two plots would not alter the character of the neighborhood. It was also shown that variances had been granted in the year 1955 to allow construction of some homes on substandard plots.
The board, however, affirmed the denial of petitioner’s application, finding that there were a substantial number of conforming plots in the immediate area which would be adversely affected by the variance and that the proof demonstrated only that the land would bring more money if it' could be used as two parcels, i.e., $6,500 for the land if in one parcel and between $9,000 and $11,000 if in two parcels.
Petitioner is in the same position that it would be in if the contract vendor had sold off 6,000 square feet and then sought a variance to build on the remainder. In such a case the variance would be denied. (Matter of Ferryman v. Weisser, 3 A D 2d 674 [2d Dept.] : Matter of Fina Homes v. Young, 14 Misc 2d *563 576, affd. 7 A D 2d 864, affd. 7 N Y 2d 845.) Practical difficulties for building a one-family dwelling were not shown; and this is not a case where the application of the ordinance to this property will be confiscatory or an unconstitutional deprivation. (Matter of Mandalay Constr. v. Eccleston, 9 A D 2d 918 [2d Dept.] ; Matter of Richards v. Zoning Bd. of Appeals of Vil. of Malverne, 285 App. Div. 287.) This is merely a case where the property will be worth more money to the owner if it can be used for two building plots. Property owners are not entitled to the highest financial use of their property (Fusco v. Town of Oyster Bay, 23 Misc 2d 72), because the pecuniary profits of an individual are secondary to the public welfare (see Shepard v. Village of Skaneateles, 300 N. Y. 115, 120 ; Linn v. Town of Hempstead, 10 Misc 2d 774, 782). Although petitioner sought to show unnecessary hardship as outlined in Matter of Otto v. Steinhilber (282 N. Y. 71), the proof was deficient on the question of whether the property would yield a reasonable return if sold for one-family dwelling and there was no evidence of any diligent and bona fide effort to sell the property. (Matter of Forrest v. Evershed, 7 N Y 2d 256, 262.) The court in the Forrest case said:
‘‘ In the first place, it was not shown that any diligent and bona fide effort was made to sell the property. We are left to guess the means, if any, that were employed to effect a sale thereof. Intervenors do not tell us whether the property was advertised, and, if so, how; that it was listed with other brokers, or even that a sign was placed on the property to indicate that it was for sale (contrast Matter of Crone v. Town of Brighton, 19 Misc 2d 1023). Moreover, the terms and conditions upon which the property was offered for sale are not furnished. For all that appears, the price demanded may have been prohibitive and the terms and conditions of sale unreasonable. Intervenors have not demonstrated that their efforts to sell were in good faith.
“ Secondly, the proof on the issue of 1 reasonable return ’ is deficient in another vital respect. This court has consistently held that a mere showing of a present loss is not enough. In order to establish a lack of ‘ reasonable return ’, the applicant must demonstrate that the return from the property would not be reasonable for each and every permitted use under the ordinance ”.
The action of the board was neither arbitrary nor capricious» and this court, therefore, cannot and will not substitute its judgment in place of the respondents.
The petition is denied.
*564 The observation is made that had the petitioner met the requirements, the failure of the respondent board to comply with the provisions of section 1291 of the Civil Practice Act would have permitted a final order in favor of the petitioner under section 1297 of the Civil Practice Act (Matter of Lemir Realty Corp. v. Larkin, 8 A D 2d 970 ; Matter of Dun Roamin Corp. v. Larkin, 11 A D 2d 737 ; Matter of Saitta v. Malone, 26 Misc 2d 817).