Clarence J. Henry, J.
This is an application under article 78 of the Civil Practice Act for an order reversing and annulling a determination of the Zoning Board of Appeals of the Village of Seneca Falls, dated August 14,1961, which granted a variance (gasoline station) in a ‘ ‘ Residential Use District ” to the respondent, John Bellardino, Inc., on the ground of practical difficulties and unnecessary hardship.
The plot to which the permitted variances applies is located at the intersection of the Auburn and Sylvania Roads, in said village, and is at the northeast corner of a 1.275-acre subdivision, all originally owned by the respondent.
The problem herein is governed, basically, by the rule in Matter of Otto v. Steinhilber (282 N. Y. 71, 76), which held, in part, as follows: “ Before the Board may exercise its discretion and grant a variance upon the ground of unnecessary hardship, the record must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone;”.
The cited portion of the Otto v. Steinhilber rule was further developed in Matter of Forrest v. Evershed (7 N Y 2d 256), Judge Froessel writing, which held that failure on the part of a petitioner to show (1) a diligent and bona fide effort to sell the property to a conforming user; (2) the means employed to effect such a sale; (3) whether the property was advertised for sale and, if so, how; (4) whether the property had been listed for sale with brokers; (5) whether “ For Sale ” signs had been posted upon the property; (6) the terms and conditions by which the property was offered for sale; and (7) that the return *283 from the property would not be reasonable for “ each and every permitted use under the ordinance”; left the board in that case with insufficient proof upon which to grant a variance on the ground of unnecessary hardship.
The several items of the Forrest decision were, of course, directly critical of the failure of proof therein, but from them a guiding principle derives. The first six of the items can be consolidated, for practical purposes, into item “ (1) ”, and the requirement of that item — proof of “ diligent and bona fide efforts” to sell to a conforming user — must be met. Proof of any one, or more, of items “ (2) ” to “ (6) ”, depending upon the situation involved in a particular case, may be offered in definition of the diligence of the efforts.
Diligence of effort has the connotation of action. He who seeks a variance must actively engage himself in the mission of locating a conforming purchaser, and until he has demonstrated— the burden of demonstration being his (Matter of Crossroads Recreation v. Broz, 4 N Y 2d 39; Matter of Plain-Pike Realty Co. v. Sanford, 10 A D 2d 644) —that such action is unavailing, unnecessary hardship has not been established (see Matter of Saitta v. Malone, 26 Misc 2d 817; Matter of Chad Homes v. Board of Appeals, 5 Misc 2d 20; Matter of Jam Rick Homes v. Young, 28 Misc 2d 561).
Applying the principle of the Forrest, Saitta, Chad Homes and Jam Rick Homes cases to the instant matter, it is clear that the proof before the board was insufficient. All that appeared on behalf of the petitioner-respondent was that no offer had ever been received from a purchaser who proposed to remain within the limits of conforming uses (record, p. 14), and that the involved plot was known 11 by common knowledge and by word of mouth ” to be for sale (record, pp. 37, 48). This is passivity, as against required activity, and it is not enough.
While the foregoing provides ample reason for setting aside the determination of the board, a further infirmity appears in the proof of the respondent and is deemed worthy of comment. Under item “ (7) ” of the Forrest decision proof is required that a reasonable return could not be had from ‘ ‘ each and every permitted use ” under the ordinance. Many possibilities are provided in section 1 of article IV of the applicable Zoning Ordinance, and the record is devoid of probative negation of them.
The determination of the board, granting the variance herein, must, therefore, be reversed and annulled.