Jack Stanislaw, J.
Plaintiff brings this action for a declaratory judgment: that the defendant’s Zoning Ordinance and map are contrary to a comprehensive plan and therefore ineffective, that plaintiff’s property is confiscated by its present use, and that the refusal of the defendant to rezone the property was arbitrary, capricious, unreasonable, discriminatory and confiscatory.
The plaintiff Rogers is the owner of a parcel of land located on the southerly side of Route 25-A, East Setauket, totalling approximately four and one-half acres, with roughly 340 feet fronting on Route 25-A. The depth of this parcel is irregular, some 485 feet deep on its east side and 615 feet deep on the west side. The zoning of the property is and has always been “ B ” residence, to wit, one-family dwellings, churches, schools and the like.
Just west of this land on both sides of Route 25-A the zoning is “ J-2 ” business, that is commercial. As a matter of fact 207 feet of this property on its westerly side abuts the business zone, more particularly a United States Post Office.- The post office is a new one, the property on which it stands having been rezoned for such use in September of 1960. The area for a substantial distance to the east, however, is almost exclusively used for residential purposes.
Plaintiff contracted to sell his four and one-half acres in August, 1961, the contract subject to rezoning from ‘ ‘ B ” to 1 ‘ J-3 ’ ’, the latter of which would permit the erection of a shopping center. The contract price was $90,000. In September, 1961 plaintiff and the contract vendee filed an application to rezone as per contract. The application was denied. This proceeding is the result of that rejection.
• Expert witnesses for plaintiff testified that the present permitted uses of this property are both economically and reasonably unsound and render the property, in effect, all but useless whether for one or more single-family dwellings. These opinions were based on the fact that part of the property abuts commercial property and that it is considerably more valuable as such commercial property itself. Further, it was said that such use of this land would be suitable to the shape and location of the land itself and in keeping with the value and nature of the adjacent area.
The defense experts expressed the view that the property could be subdivided into- perhaps nine residential lots. This assumes, of course, any development of the land at all. Apparently both sides feel that in no event will the parcel remain as it now is, with just plaintiff’s residence building upon it. Defend *929 ant, conceding the irregular shape of the plot as described above, admits the need of a cul-de-sac in order to subdivide.
Plaintiff placed a value on the property of between $13,000 to $15,000 as is, and between $85,000 to $115,000 if rezoned. The defendant’s experts place a residential value on this land as now zoned at between $30,000 to $40,000.
It was also noted at trial that Route 25-A is a heavily travelled public road.
The plaintiff further argues that the zoning plan of defendant town is unconstitutional in that the original Building Zone Map has seemingly been lost along with some of its subsequent revisions. In effect, the contention is that the Zoning Ordinance is not only without weight and substance as to plaintiff but as to all affected by it.
This court, in reviewing the trial of this matter, has been keenly aware of a factor pertinent to the nature of the substantive questions asked here. That factor is one of its duty not only to the particular litigants before it, but to the structure of the judicial system and the separating features of the branches of democratic government. The legislative unit of the town here defending has exercised its judgment and has made zoning provisions in the town. Later it passed upon plaintiff’s application in the exercise of its singular position as such law-making body. State and Federal Constitutions accord to legislating bodies all and exclusive powers within their own sphere of influence. The judiciary is charged with, among other things, a watchdog role over these assemblages, to balance this power and to curb excesses or clearly unlawful acts or actions. However, this role itself is subject to constitutional limitations. The legislative arm, directly and popularly elected, is the natural spokesman for its collective constituents. It expresses and reflects the desires and the mood of the body politic. This being so, judicial restraint is to be exercised only upon a showing of unconstitutionality beyond reasonable doubt. (Wiggins v. Town of Somers, 4 N Y 2d 215, and cases cited therein.) Legislative enactments in exercise of the police power, i.e., zoning, if not confiscatory and if reasonably related, generally, to the good of the public, are constitutional and will be validated by all courts.
The town governing body has determined here, as the duly elected representative of all residents, that the expansion of this particular area, East Setauket, along commercial lines and for shopping centers or areas will not serve the best interests of the town. Both implicit and explicit in the town’s denial of this application is the policy of avoiding the unlimited creation *930 of stores adjacent to other stores ad infinitum, ad nauseam. If this lawmaking does not effectively confiscate plaintiff’s property and is therefore not unreasonable it must stand. (Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222; Hayes v. City of Yonkers, 143 N. Y. S. 2d 699; Capobianco v. Town of North Hempstead, 21 Misc 2d 32.)
Proof that plaintiff’s property is worth more if zoned for commercial use is not sufficient to show arbitrary denial of rezoning’. Although this court agrees that a landowner will make more money erecting a supermarket than a ranch house, if that ranch house can be reasonably built monetary differences are to no avail. (Osborn v. Village of East Hampton, 61 N. Y. S. 2d 142, affd. 271 App. Div. 837; Town of Hempstead v. Lynne, 32 Misc 2d 312.) Admittedly, plaintiff has shown greater value upon commercial zoning, but residential use is not negated and in fact conceivably affords a profit, though not so great. Therefore, confiscation appears only as an issue of degree and not as one of substance. The regulating power has been applied by representatives of all and has not been shown to be unlawful as to this property owner in particular. That this property abuts a well-traversed road or is adjacent to a business zone cannot nullify the determination of the local body. In view of the foregoing or standing alone, these factors cannot be accepted ' as controlling.
Finally, a word with regard to the argument made by plaintiff that the absence of the original Zoning Map and revisions thereafter render the entire ordinance invalid. The presence or absence of such articles diminish in importance in the face of a comprehensive plan that is designed for the public good. (Rodgers v. Village of Tarrytown, 302 N. Y. 115.) Assuming, as this court does, the fact of such plan, its effective execution, and its past and current constitutionally approved aims, the lack of the indicia of its inception will not be considered fatal. The embracing of such a theory would now render the exercise of any legitimate legislative power subject to the uncertainties of the past and the chaos of the future. The complaint is accordingly dismissed.