Argued September 9, reversed and remanded September 29, 1965

# SMITH ET AL v. COUNTY OF WASH-INGTON ET AL

406 P. 2d 545

*Ronald B. Lansing,* Portland, argued the cause for appellants. With him on the briefs were Bailey, Swink, Haas, Seagraves and Lansing, Portland.

*DeMar L. Batchelor,* Hillsboro, argued the cause for respondents. With him on the brief were Schwenn & Bradley and Holger M. Pihl, Jr., District Attorney, Hillsboro.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

GOODWIN, J.

Plaintiffs, homeowners in Washington County, sued to enjoin[1] the rezoning of a tract of residential land so that it could be used for manufacturing. The trial

---

[1] The proceedings combined a prayer for a declaratory decree and for an injunction. The parties have not raised a question concerning the efficacy of such proceedings as a means of obtaining judicial review of county legislative action. Since the enabling legislation under which county zoning is accomplished makes no provision for judicial review, and since the plaintiffs in the case at bar may not be "parties" under ORS 34.020 (writ of review), these proceedings have been treated by the parties as properly before the court under ORS 28.010 to 28.160 (The Uniform Declaratory Judgments Act).

court held that rezoning was a legislative matter, and that, on the facts of the case, the proposed action by the county commissioners was not subject to judicial intervention. Plaintiffs appeal.

The tract in question contains 4.3 acres and is surrounded by land that was and is zoned for residential use as part of a comprehensive plan of development adopted by Washington County in 1959. Most of the land visible from the site in question is actually being used for single-family housing. Four nonconforming uses occur nearby, but each necessarily antedates the 1959 enactment of the county zoning plan.

In 1963, the owners of the tract in question requested a change in zoning to permit the use of their land as a manufacturing site. The county planning commission duly considered the request, and recommended that it be denied. The county commissioners, who, under ORS 215.110, have the power to enact, amend, or repeal zoning ordinances, rejected the recommendation of the planning commission and voted to grant the requested change. The plaintiffs thereupon instituted these proceedings in circuit court to challenge the power of the county commissioners to grant the change.

■ Inasmuch as ORS 215.110 specifically grants to the governing board of the county the power to amend zoning ordinances, a challenged amendment is a legislative act and is clothed with a presumption in its favor. *Jehovah's Witnesses v. Mullen et al,* 214 Or 281, 292, 330 P2d 5, 74 ALR2d 347 (1958), appeal dismissed and cert. denied, 359 US 436, 79 S Ct 940, 3 L Ed2d 932 (1959).

■■ The enabling legislation under which county governments may enact zoning regulations requires

the enactment of a comprehensive zoning plan. ORS 215.050. Once a plan is adopted, changes in it should be made only when such changes are consistent with the over-all objectives of the plan and in keeping with changes in the character of the area or neighborhood to be covered thereby. Arbitrary, or "spot", zoning to accommodate the desires of a particular landowner is not only contrary to good zoning practice, but violates the rights of neighboring landowners and is contrary to the intent of the enabling legislation which contemplates planned zoning based upon the welfare of an entire neighborhood. See *Holt et ux v. City of Salem et al,* 192 Or 200, 215, 234 P2d 564 (1951); 1 Yokley, *Zoning Law and Practice* 128, § 3-5 (3d ed 1965).

■ Even though there is a presumption of legislative regularity when the governing board of a county enacts a change in a zoning ordinance, the antithetical character of spot zoning and its recognized erosive effect upon the comprehensive zoning plan automatically tends to neutralize, if not to overcome, the presumption in the particular case. Accordingly, courts generally view spot zoning as being outside the presumption of legislative regularity, and require substantial evidence of change in the neighborhood in order to justify the rezoning of a small tract as an amendment in keeping with the comprehensive plan. See Annotation, 51 ALR2d 263, 303 (1957).

We turn, then, to the question whether the facts which the county claimed as evidence supporting the change can be characterized as evidence to justify what appears on its face to be as egregious a case of spot zoning as can be presented in court.

■ The Board of County Commissioners gave, as one of its reasons for granting a request to rezone the

4.3 acres, the existence of four nonconforming uses in the neighborhood. Since the nonconforming uses were in existence prior to 1959, and since under the zoning ordinance none of them lawfully could be expanded after 1959, it is obvious that these uses constitute no "change" in the neighborhood that would support a change from the original zoning plan.

Another reason given for granting the change is an increase in the traffic count on Southwest Multnomah Boulevard, upon which the tract in question fronts. The increase in traffic count coincides with a general increase in traffic in the vicinity, apparently owing to a nearby freeway project coupled with the population growth and the increased density of the suburban residential development experienced in eastern Washington County.

The witnesses agreed that traffic counts generally rise upon streets having interchanges with a freeway. Eventually, traffic engineers testified, traffic counts build up to a point that property fronting upon roads and highways having freeway access becomes fit only for business and commercial use. Ordinarily, however, zoning changes resulting from increased traffic density are based upon a consideration of an area larger than the tract involved in the case at bar. *Page et ux. v. City of Portland et al.,* 178 Or 632, 640, 165 P2d 280 (1946).

There was nothing in the evidence before the court to suggest that the traffic on Southwest Multnomah Boulevard had reached, or was approaching, the density that would make the lands fronting upon that road unfit for residential use. If the county were to justify the zoning change here in question on the basis of the traffic count on Multnomah Boulevard, the

change should encompass far more than 4.3 acres. Insofar as traffic count was concerned, there was no reason to single out the tract in question in order to treat it differently from the neighboring lots.

In *Page et ux. v. City of Portland et al.,* supra, we said that if residential districts could be invaded by islands of business merely on account of increased automobile traffic, there would be no certainty nor stability to zoning. There we held that a proposed change of zoning to permit a business use upon two city lots within a residential district was arbitrary and unreasonable. There is no more justification for spot zoning in the case at bar than there was in the *Page* case.

■ Finally, the defendant board attempted to justify its action on the ground that there are projected plans which, if put into effect, will create an additional major freeway in the vicinity of the tract in question. We are unaware of any precedent upholding spot zoning on the basis of projected future highways, and decline to commit this court in favor of that proposition.

■ The trial court took the view that the zoning question before it was a mere difference of opinion and was thus not subject to judicial review. While it is the law in this state that in a legislative context a mere difference of judgment or opinion concerning esthetics or public interest is not subject to judicial review, *Dennis et ux v. City of Oswego et al,* 223 Or 60, 65, 353 P2d 1044 (1960), it is clear that the courts have a duty to grant relief at the suit of a party aggrieved by arbitrary or capricious changes in neighborhood zoning. The dividing line between what is a mere difference of opinion and what is arbitrary is the line between zoning based upon objective factual evidence

and zoning without a rational basis. See Linde, *Public Law*, 40 Or L Rev 249, 265.

 Obviously, if the inferences supported by evidence are fairly debatable, judicial review will not disturb the legislative action. In the case at bar, evidence relevant to changes in the neighborhood that would justify a change in the comprehensive zoning plan was wholly nonexistent. The only debatable question, if any, was whether or not to sacrifice the rights of nearby residential property owners in order to encourage industry, and its attendant payroll, to enter the neighborhood. This debate, under the circumstances of the case, was irrelevant. Whatever the merits of the industry may have been, this court has held that the rights of residential property owners to rely upon the protection of a comphrehensive zoning plan cannot be bargained away without a showing that there have been sufficient changes in the character of the neighborhood to justify a change in the zoning ordinance.

 There is no statutory provision for the allowance of attorney's fees to the plaintiffs in the case at bar. Accordingly, there was no error in rejecting that portion of their prayer for relief.

 Reversed and remanded with directions to enter a decree for the plaintiffs.