Argued June 15, affirmed September 10, 1970

WASHINGTON COUNTY, *Respondent, v.*
STEARNS, *Appellant.*

474 P2d 360

*Fred A. Anderson,* Tigard, argued the cause for appellant. With him on the briefs were Anderson and Dittman, Tigard.

*Richard D. Roberts,* County Counsel, Hillsboro, argued the cause for respondent. With him on the brief was Edward J. Sullivan, Assistant County Counsel, Hillsboro.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Washington County sued to enjoin defendant from continuing to remove sand from a pit upon a certain tract of his land. The land was in an area zoned under the Washington County Comprehensive Zoning Ordinance as "Suburban Residential." Defendant alleged in his answer that the zoning ordinance is vague and illegal as it purports to regulate his land, and that it was not validly adopted. His second defense is that the ordinance is arbitrary as it applies to his land and purports to prevent him from lawful use thereof.

The trial court's findings were that defendant

"has from on or about the summer of 1964 to on or about July 20, 1966, and from on or about December 23, 1966, to on or about October 2, 1967 been engaged in a commercial and sand-mining operation on said property." Defendant appeals from a decree granting a permanent injunction.

The evidence shows that on August 15, 1962, Washington County adopted a comprehensive zoning ordinance. It has been construed by the Oregon Supreme Court. *Bither v. Baker Rock Crushing*, 249 Or 640, 438 P2d 988, 440 P2d 368 (1968); *Smith v. County of Washington*, 241 Or 380, 406 P2d 545 (1965). The validity of the ordinance and the legality of its adoption were not questioned in those cases.

■ Defendant assigns as error that the court received the ordinance and maps in evidence over his objection based on the reasons that the maps are unclear and the ordinance contained strike-outs, interlineations, paste-in provisions and other inserts. Our inspection of the exhibits shows no such alleged irregularities in the parts of the ordinance and maps that apply to defendant's property. We believe the ordinance and maps were properly identified by witnesses, were properly received in evidence by the court, and copies thereof were properly substituted. Regardless, the court takes judicial notice of them. ORS 16.510(2), as amended in 1967, provides:

> "In pleading an ordinance or enactment of any county or incorporated city, or a right derived therefrom, in any court, it shall be sufficient to refer to the ordinance or enactment by its title and the date * * * and the court shall thereupon take judicial notice thereof."①

---

① It is desirable that copies of ordinances be received in evidence because they are not always otherwise available.

The complaint was filed after the effective date of this statute, and it refers to the ordinance and maps by their title and date. On their face the ordinance and maps show, and competent witnesses testified, that they were duly adopted as county legislation.

Defendant acquired the property in 1964 and constructed a residence thereon. In 1964 he began excavating sand. He sold part of the sand and the rest was used in his own construction business as fill material, etc. His testimony indicates that he made a profit from the disposal of the sand. Soon after he commenced operations neighbors complained. County authorities requested defendant to seek a conditional use permit for the sand removal under the provisions of Section 1900 of the zoning ordinance. This he did, listing the proposed use on the application form as "Residence and sand pit," and the reason as "One of few sites available for operation." He testified that this language was suggested by planning officials. After hearing, the application was rejected by the Planning Commission and subsequently by the Board of County Commissioners. Defendant did not appeal this determination, but continued excavating sand. He testified he removed a total of some 12,000 cubic yards of sand from the pit—11,000 yards after his conditional use application was rejected. Evidence received showed that soon after the rejection he obtained the services of a landscape architect and a civil engineer to work out plans and obtain water rights, alleging his intention to use the area as a landscaped pond, around which several residences were to be built. Although several years had elapsed, no action had occurred on the land to execute the plans other than the sand excavation. This injunction suit was filed October 2, 1967, following continued protest from surrounding

residents. The evidence supports the trial judge's factual determinations. Our own determinations coincide with his.

■ The defendant asserts that the ordinance is vague and hence illegal. In clear terms it adopts detailed zoning regulations, and accompanying zoning maps designate the zones to which the regulations apply. One of the districts listed in the text is SR, Suburban Residential District. The boundaries of the various districts are designated in text as those shown on the official zoning maps, which are required by ordinance to remain on file in the office of the county clerk. The text provides that zone district boundary lines are to follow property lines, lot lines, or center lines of streets and alleys unless otherwise noted. The land in question is Tax Lot 2100. By reference to the ordinance and maps in evidence it is quickly and clearly ascertainable that defendant's property is located in an SR Zone.

Under Section 301 the purpose of the SR Zone is "[t]o provide minimum standards * * * to assure the orderly and beneficial development of the area as it becomes more densely populated and assumes urban characteristics * * *." Section 302.1 provides that land use in the area shall include only family dwellings, accessory buildings, farming, conditional uses (including gravel mining and rock crushing, subject to standards prescribed in Section 1900), temporary structures, and transitional uses.

Section 1903.14, Gravel Mining and Rock Crushing, Subsection (d), regulates the slope remaining from "* * * production from an open pit or the removal of sand or gravel * * *."

This exposition of the applicable provisions of

the ordinance demonstrates nothing uncertain. The vagueness which led the Oregon Supreme Court to declare invalid a Lane County zoning ordinance is not present here. The facts were quite different in *Lane County v. Heintz Const. Co. et al*, 228 Or 152, 364 P2d 627 (1961). See also, *Ballard, Mayor, Etc., et al. v. Smith*, 234 Miss 531, 107 So2d 580, 75 ALR 2d 152 (1958); *Rogers v. Town of Brookhaven*, 39 Misc2d 927, 242 NYS2d 142 (1963).

■ Defendant complains that interlineations and other irregularities in the ordinance make it vague. Our inspection of the ordinance and maps discloses nothing of this sort in any part affecting defendant's land. In *Vedovell v. City of Northlake*, 22 Ill2d 611, 177 NE2d 124 (1961), an ordinance was held valid as to the plaintiff who had knowledge of the zone in which his property was located, although the zoning map was absent altogether:

"* * * Certainly in so far as plaintiff's property was concerned, no ambiguity was shown to exist and no injury or prejudice was suffered by the plaintiff by reason of the absence of a zoning map * * *." 22 Ill2d at 615.

Defendant may apply again under Section 1900 of the ordinance for a conditional use permit. If he does so, the reasoning in *People v. Calvar Corporation et al*, 69 NYS2d 272 (1940), *aff'd* 286 NY 419, 36 NE2d 644 (1941), is applicable:

"The defendant is permitted exactly the same use of its property as are all other owners of the property in residence districts. There must necessarily be many of such owners whose lands contain valuable sand or gravel, if not clay, deposits. Nevertheless, it may not possibly be contended that the prohibition of sand and gravel pit operations

in residence districts is invalid. To sustain such a contention would result in the impossibility of forming purely residence districts. That is one of the hardships that must necessarily be borne in the public interest." 69 NYS2d at 282.

In that case the court noted, at page 280, that the ordinance did not absolutely prohibit the sand pit use. The same is true here. The county under a conditional use permit may, in the exercise of its discretion, allow defendant a limited time within which to improve the excavation so that the land can be employed for residences or other conforming uses. With exception of any such conditional use permit the injunction shall remain in effect.

Affirmed.