Argued May 26, affirmed October 19, petition for rehearing
denied November 9, 1971, petition for review
allowed January 5, 1972

FASANO ET AL, *Respondents, v.* BOARD OF
COUNTY COMMISSIONERS OF WASHINGTON
COUNTY ET AL, *Appellants.*

489 P2d 693

*Edward J. Sullivan,* County Counsel, and *Joe D. Bailey,* Hillsboro, argued the cause for appellants. With them on the briefs was Carrell F. Bradley, Hillsboro.

*Louis J. Fasano,* Portland, argued the cause and filed the brief for respondents.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

Petitioners, homeowners in Washington County, sought, by writ of review, to set aside the granting of a zone change by the Board of Commissioners of Washington County. In holding for petitioners, the trial court found there was insufficient evidence presented to justify the zone change. Defendants appeal.

The tract in question contains approximately 32.7 acres in the east end of Washington County and is owned by defendant A. G. S. Development Company. On January 8, 1970, defendant, desiring to build a trailer court, filed with the Washington County Planning Commission an application for a change of the zone designation from Residential R-7 to Planned Residential P-R. On March 10, 1970, a public hearing was held by the commission. At that time the commission had before it the report and recommendations of the staff of the Planning Department of Washington County in favor of the requested change.

The commission, after hearing, denied the appli-

cation for lack of a majority vote. The petitioners then appealed to the board of county commissioners. After hearing testimony and considering the evidence presented, a motion to approve the zone change was passed by a three-to-two vote. The following findings of the board of commissioners, taken from the recommendations of the planning department, were entered:

"1. The proposed use does conform to the residential designation of the plan of development.

"2. The proposed use reflects urbanization of the county and is a method of meeting such organization.

"3. The proposed use allows for increased density in different types of housing to meet the needs of urbanization over that permitted by the existing zone.

"4. The proposed use, along with the recommended conditions of the planning department, would not be materially detrimental to the general health, safety or welfare of the surrounding property owners."

Petitioners, seeking to have the board's order set aside, obtained the issuance of a writ of review from the Circuit Court of Washington County. Upon trial, the court reversed the order of the board, basing its decision on the ground that there was not a sufficient showing of change of condition to support the change.

In its brief, the appellants assign as sole error that the trial court

"* * * erred in holding that the zone change in question was not in accordance with the comprehensive plan and in holding that it was necessary to show a change of conditions in the area of the subject property."

In *Archdiocese of Port. v. Co. of Wash.*, 254 Or 77, 458 P2d 682 (1969), the court said:

"In *Roseta v. County of Washington*, decided this day, we held that where the county amends a zoning ordinance to permit a use inconsistent with the permissible uses designated in the original ordinance the presumption of regularity usually given to legislative action is not applicable. The same principle was recognized in *Smith v. County of Washington*, 241 Or 380, 406 P2d 545 (1965).

"As we explained in the *Smith* case, 'Even though there is a presumption of legislative regularity when the governing board of a county enacts a change in a zoning ordinance, the antithetical character of spot zoning and its recognized erosive effect upon the comprehensive zoning plan automatically tends to neutralize, if not to overcome, the presumption in the particular case.' 241 Or at 384.

"* * * * *

"Absent the dangers incident to 'spot zoning' the presumption of legislative regularity can be given its full effect. * * * We examine the record of the proceedings before the Board only to determine whether those proceedings were fairly conducted in accordance with the requirements of the ordinance and that there was a rational basis for the Board's decision. It is important to bear in mind that in these cases we and the trial court are reviewing the legislative action of a governmental unit engaged in carrying out a land use policy formulated by it. The basis for that action need not be found in 'evidence' as we use that term in connection with the trial of cases before a court. * * *" 254 Or at 82-83, 85-86.

The county adopted a comprehensive plan pursuant to ORS 215.050 and in 1959 made its original zone designation. This did not provide for a P-R district, which was subsequently created by ordinance. The land in question was zoned in 1959 as Residential

R-7. No change was made in its classification at the time the P-R classification was added to the 1959 zoning ordinance, and it continued to be zoned as R-7. It was not until the challenged order that the property in question was transferred to P-R from R-7.

■ The county contends that since the comprehensive plan had been changed by the subsequent creation of the P-R zone, that fact authorized the board to take a single piece of property out of another zone in which it had been from the time of the original zoning ordinance and put it in the P-R zone. It contends further that it has the right to do this even though as to the particular parcel in question there is no evidence in the record of any change of condition nor in the uses of any of the property in the general area surrounding it since the properties were zoned in 1959. It is not contended that this was done as a part or at the time of the creation of the P-R zone.

We do not think that the subsequent creation of an additional zoning classification by itself sets aside the rules governing the validity of the transfer at some subsequent date of a single piece of property from an established zone within which it had been originally placed to the zone subsequently created. To so hold would be to place a premium upon form rather than substance. There is no necessary connection between the wisdom of creating a new classification of permissible uses of land under a county-wide zoning ordinance and the designating of a single piece of property as appropriate for placement within that—or any other—zone.

■ Defendants urge since the board here found that Washington County has a need to provide areas of increased residential density, that alone is sufficient

to make the transfer of a particular piece of property from one zone to another valid, despite the absence of any evidence of a change in the condition of any of the property directly affected, including the parcel transferred.

In *Smith v. County of Washington,* 241 OR 380, 406 P2d 545 (1965), the court said:

"* * * Once a plan is adopted, changes in it should be made only when such changes are consistent with the over-all objectives of the plan and in keeping with changes in the character of the area or neighborhood to be covered thereby. * * *" 241 Or at 384.

In the subsequent case of *Roseta v. County of Washington,* 254 Or 161, 166, 458 P2d 405 (1969), the Supreme Court in its opinion quoted with approval in a footnote from *Offutt v. Board of Zoning Appeals of Baltimore County,* 204 Md 551, 105 A2d 219 (1964):

" 'When an application is made for reclassification of a tract of land from one zone to another, there is a presumption that the zones established by the original zoning ordinance were well planned and arranged and were intended to be more or less permanent, subject to change only when there are genuine changes in conditions. *Therefore, before a zoning board rezones a property, there should be proof either that there was some mistake in the original zoning or that the character of the neighborhood had changed to such an extent that reclassification ought properly to be made.*" (Emphasis supplied.)

In 1 Anderson, American Law of Zoning § 5.03 (1968), the author states at 239:

"* * * The requirement of substantial change is not met by proof that there is a need for the use which would be permitted by the amendment. * * *"

Thus it is necessary to show that a change in zone of a single parcel not only is consistent with the comprehensive zoning plan but also that some change with respect to that particular property or in the area where it is located has occurred justifying the change. Unlike *Follmer v. County of Lane,* 5 Or App 185, 480 P2d 722, 486 P2d 1312, Sup Ct *review denied* (1971), where there was ample evidence of change of conditions affecting the property, there was no such showing here. Here the trial court found:

"There has been no showing made in the record of any change in the character of the neighborhood in question."

We agree.

It follows, then, that the judgment of the trial court should be affirmed.