Argued June 20, affirmed December 22, 1972, petition for review denied July 17, 1973

CUNNINGHAM ET AL, *Appellants, Plaintiffs, v.* CITY OF BROOKINGS ET AL (No. 6272), *Respondents.*

504 P2d 760

*Thomas Y. Higashi,* Gold Beach, argued the cause for appellant. With him on the briefs were Starkweather and Higashi, Gold Beach.

*William E. Taylor,* Gold Beach, argued the cause for respondents. With him on the brief was Cameron C. Thom, City Attorney, Gold Beach.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

PER CURIAM.

The plaintiffs in this zoning matter sought, by declaratory judgment proceedings, to set aside the granting of a zone change by the council of the city of Brookings, contending that the change was improper "spot zoning." They appeal from an order of the circuit court affirming the action of the city council.

The planning commission of the city of Brookings, after study, recommended to the city council a comprehensive zoning plan and a map proposing zoning in accordance with the plan. In its comprehensive plan the planning commission stated that the erection of mobile homes within the city was desirable under certain conditions, and recommended that "fairly large areas, probably five acres or more," be set aside for such use. The comprehensive plan provided for R-H (residential high density) zones, and provided that in such zones the establishment of mobile home parks be permitted as a conditional use. The comprehensive plan also provided for the creation of R-T (residential trailer) zones in which mobile homes could be erected. The zoning map which it proposed designated the property in question, a 13½-acre tract, hereafter referred to as the Weideman property, as R-H. The city did not formally implement the plan by ordinance until July 14, 1970. Prior to that time public hearings were held on the plan by the planning commission.

At the July 14, 1970 hearing the owners of the Weideman property, having assumed that the proposed zoning would be adopted without change, did not ap-

pear. However, the plaintiffs in the case at bar did appear and objected to the proposed zoning of the Weideman property, whereupon the city council amended the zoning ordinance in so far as the Weideman property was concerned, changing the zoning of that property from Residential High Density (mobile home parks permitted as a conditional use) to Residential Low Density (mobile home parks not permitted as a conditional use).

On January 11, 1971, defendants Weideman and Rogers, the owners of the Weideman property, petitioned the city council to change its zone from R-L to R-T (residential trailer). After hearings before the planning commission and the city council on February 9, 1971, the city council rezoned the Weideman property from R-L to R-T. In *Fasano v. Co. Comm. of Wash. Co.,* 7 Or App 176, 181, 489 P2d 693, 695 (1971), *aff'd* 264 Or 574, 507 P2d 23 (1973), we said:

> "In *Smith v. County of Washington,* 241 Or 380, 406 P2d 545 (1965), the court said:
>
> > " '* * * Once a plan is adopted, changes in it should be made only when such changes are consistent with the over-all objectives of the plan and in keeping with changes in the character of the area or neighborhood to be covered thereby. * * *' 241 Or at 384.
>
> "In the subsequent case of *Roseta v. County of Washington,* 254 Or 161, 166, 458 P2d 405 (1969), the Supreme Court in its opinion quoted with approval in a footnote from *Offutt v. Board of Zoning Appeals of Baltimore County,* 204 Md 551, 105 A2d 219 (1964):
>
> > " ' "When an application is made for reclassification of a tract of land from one zone to another, there is a presumption that the zones

established by the original zoning ordinance were well planned and arranged and were intended to be more or less permanent, subject to change only when there are genuine changes in conditions. *Therefore, before a zoning board rezones a property, there should be proof either that there was some mistake in the original zoning or that the character of the neighborhood had changed to such an extent that reclassification ought properly to be made."* ' (Emphasis supplied.)"

Here, taking the record by its four corners, we are satisfied that the city council, when it examined the matter in depth, determined that it had made a mistake in not originally zoning the Weideman property in accordance with the comprehensive plan and zoning recommendations made by its planning commission.

Affirmed.