**WOLPE et al. v. PORETSKY et al.**

### No. 8952.

United States Court of Appeals
District of Columbia.

Argued Feb. 7, 1946.

Decided April 3, 1946.

Mr. .H. Winship Wheatley, of Washington, D. C., with whom Mr. H. Winship Wheatley, Jr., of Washington, D. C., was on the brief, for appellants.

Mr. Louis Ottenberg, of Washington, D. C., with whom Mr. Edwin Shelton, of Washington, D. C., was on the brief, for appellee Poretsky.

Mr. William C. Sullivan, of Washington, D. C., was on the brief for appellees Arthur W. Machen, Trustee, and Thomas Machen.

Messrs. Vernon E. West, Corporation Counsel, District of Columbia, and Chester H. Gray, Principal Assistant Corporation Counsel, both of Washington, D. C., entered appearances for appellees, members of the Zoning Commission, District of Columbia. Mr. Richmond B. Keech, formerly Corporation Counsel, of Washington, D. C., entered his appearance for appellees, members of the Zoning Commission when the case was docketed.

Before GRONER, Chief Justice, and EDGERTON and CLARK, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal from a judgment of the District Court setting aside, as arbitrary and unreasonable, an order of the Zoning Commission of the District of Columbia. The Commission's order singled out lot 70/100 for special or "spot" zoning. It prevented appellee Poretsky, the owner of the lot, from building an apartment house. He brought this suit against the Commission and recovered judgment. But the Commission has not appealed. The appellants are owners of various houses and lots in the general vicinity of lot 70/100 who have been permitted to intervene. Wolpe v. Poretsky, 79 U.S.App.D.C. 141, 144 F.2d 505.

Lot 70/100 extends westward from 16th Street N. W. to the proposed 17th Street, along the south side of Shepherd Street, in Washington, D. C. From 1933 until November 7, 1941, when the Commission's order was issued, the lot was zoned so as to permit the erection of apartment houses. The 16th Street front of the lot had never been zoned against apartment houses. The Commission's Comprehensive Plan of Zoning had long made and still makes Shepherd Street, from 14th Street on the east to 17th Street on the west, the dividing line between a southern zone where apartment houses may be built and a northern zone which is restricted to single dwellings. Until the order in suit was issued, lot 70/100 was the north-west corner lot of the less restricted zone.

The lot is separated on three sides by a public park, and on all four sides by a park or a street or both, from all present and probable future housing. Appellee's proposed apartment building will accommodate many more people than the single dwellings which might be built on the lot. They will all derive benefit from the park. No one will suffer the kind and degree of damage which an apartment house may inflict on its immediate neighbors when it has any. The lot is therefore an exceptionally appropriate site for an apartment house.

Enforcement of the Commission's order would greatly impair the value of the lot on which appellees have paid taxes for years and would not, as far as appears, increase the value of appellants' property. We find nothing, either in the record or on a view of the premises, which tends to support the order. Even apart from the housing shortage, it would have borne no positive relation to the public welfare and would have been arbitrary and unreasonable. In view of the acute housing shortage it bore a negative relation to the public welfare. The District Court was clearly right in setting it aside, and the Commission has properly acquiesced in the correction of its error.

Affirmed.