SHERIDAN COUNTY ELECTRIC CO-OP., INC., APPELLANT, *v.* MONTANA-DAKOTA UTILITIES CO., RESPONDENT.

No. 9374.

Submitted March 9, 1954. Decided May 20, 1954.

270 Pac. (2d) 742.

Messrs. Sanders, Cresap and Koch, Sidney, for appellant.

Mr. Raymond Hildebrand, Glendive, Mr. Earl H. A. Isensee, Minneapolis, Minnesota, for respondent.

Mr. Claget T. Sanders and Mr. Hildebrand argued orally.

MR. JUSTICE FREEBOURN:

This is an action wherein the Sheridan County Electric Co-op. Inc., a cooperative corporation, plaintiff and appellant, filed a complaint against the Montana-Dakota Utilities Company, a corporation, defendant and respondent, seeking an injunction, temporary and permanent, enjoining and restraining the defendant from constructing an electric distribution line in certain rural townships in eastern Montana, which the plaintiff has been serving with electricity. A demurrer to the complaint was sustained, and plaintiff electing to stand on the complaint, judgment was entered dismissing such complaint, and from such judgment plaintiff appeals.

The complaint does not allege that the defendant in a physical way interfered with plaintiff's lines, poles, equipment, right-of-way, or the operation thereof. It alleges, in substance, that the plaintiff is an electric cooperative, incorporated under the laws of Montana as a non-profit membership corporation for the purpose of supplying electric energy; that as such it has been supplying electric energy to certain rural areas in eastern Montana; that since the discovery of oil and gas in those areas the defendant has entered and commenced to build power lines for electric distribution in such areas; that plaintiff is adequately supplying electric energy to such areas; that plaintiff has "an implied exclusive franchise right therein sanctioned and authorized by the laws of the State of Montana" to supply electric energy to such areas; that defendant is engaging in unlawful competition with plaintiff; and that plaintiff will be injured by defendant's operations.

The complaint also alleges: "That at all times material to this cause of action the defendant, Montana-Dakota Utilities Company, was, and now is, an electric public utility corporation duly authorized to do business in the State of Montana."

Defendant's demurrer to such complaint is both general and special.

The controlling question raised by the demurrer is: Does the

■ plaintiff have, as alleged in the complaint, ''an implied exclusive franchise right * * * sanctioned and authorized by the laws of the State of Montana'' to furnish electric energy to such rural areas whereby defendant would be prevented from competing therein?

To determine this question reference must be had to the Rural Electric Cooperative Act, R. C. M. 1947, secs. 14-501 to 14-531, under which plaintiff was organized and created. In construing this Act we are bound by R. C. M. 1947, sec. 93-401-15, which provides: ''In the construction of a statute * * * the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted * * *''.

Under the provisions of this Act the plaintiff has a right to provide electric energy to the designated rural areas. Nowhere in said Act, however, can one find anything which, by express words or by implication, indicates that the legislature intended to give an exclusive right to plaintiff to furnish electric energy in such rural districts. To the contrary, the plain wording of R. C. M. 1947, sec. 14-503, indicates the opposite intention and limits the right of plaintiff to provide electric energy, in such rural areas, to certain users, section 14-503 providing: ''A co-operative shall have power: * * * (d) To generate, manufacture, purchase, acquire, accumulate and transmit electric energy, and to distribute, sell, supply and dispose of electric energy in rural areas *to its members, to governmental agencies and political subdivisions, and to other persons not in excess of ten per centum (10%) of the number of its members''.*

Had our law makers intended that cooperatives should have the exclusive right to furnish electric energy in such rural areas, and thus prevent competition by other authorized electric public utility, they should have used clear and apt words to so declare. Certainly, no such far-reaching right can be left to implication or inference.

In Helena Waterworks Co. v. Helena, 1904, 195 U. S. 383, 25 S. Ct. 40, 43, 49 L. Ed. 245, the Supreme Court of the United

States said: "It is doubtless true that the erection of such a plant by the city will render the property of the water company less valuable, and perhaps, unprofitable; but if it was intended to prevent such competition, a right to do so should not have been left to argument or implication, but made certain by the terms of the contract."

In construing a franchise, "The grantee takes nothing that is not clearly given by the grant; and nothing passes by implication except what may be necessary to carry into effect the obvious intent of the grant * * *". 37 C. J. S., Franchises, sec. 21b, p. 167.

In construing a franchise: "While it is the accepted doctrine that all grants are to be construed according to the intention of the parties, yet there are certain general rules of construction by the light of which such contracts are to be examined. These rules are well settled by numerous authorities. One is that in all grants by the government to individuals or corporations, of rights, privileges, and franchises, the words are to be taken most strongly against the grantee, contrary to the rule applicable to the grant from one individual to another. One who claims a franchise or privilege in derogation of the common rights of the public must prove his title thereto by a grant clearly and definitely expressed, and cannot enlarge it by equivocal or doubtful provisions or probable inferences. * * * It is also a well-known rule of construction that so long as the language of the statute or ordinance is plain and unambiguous, it is not subject to interpretation or open to construction, but must be accepted and enforced as written." 23 Am. Jur., Franchises, sec. 16, pp. 725, 726, 727. See also Annotation, 114 A. L. R. 192, and cases cited.

For the reason stated the complaint does not state facts sufficient to constitute a cause of action and the demurrer thereto was properly sustained by the district court. The judgment of the district court is, therefore, affirmed.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES BOTTOMLY, ANGSTMAN, and ANDERSON, concur.