JOSEPH L. CAPUTO *vs.* BOARD OF APPEALS OF SOMERVILLE.

Middlesex. May 3, 1954. — July 2, 1954.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Zoning.*

A purported change in a city zoning ordinance, whereby, in the midst of an area of some forty-two acres which for many years had been zoned principally for industry and to some extent for business and was predominantly industrial in character, a tract of about three acres, previously zoned partly for industry and partly for business, was made a residential district for no good reason shown, was invalid.

BILL IN EQUITY, filed in the Superior Court on July 9, 1952.

Following the decision of this court reported in 330 Mass. 107, and an amendment of the bill, the suit was referred to a master and was heard on his report by *Goldberg,* J.

*George S. Ryan,* City Solicitor, for the defendant.
*Allan R. Kingston,* for the plaintiff.

LUMMUS, J. After the decision in *Caputo* v. *Board of Appeals of Somerville,* 330 Mass. 107, an amendment of the plaintiff's bill was allowed on April 17, 1953. The amendment set forth that on September 11, 1952, the board of aldermen purported to change the area in which the plaintiff's land is situated from an Industrial A to a Residence B zoning district, which change was approved by the mayor on September 22, 1952. The amendment added a prayer that the change be declared invalid. The authority to enact a zoning ordinance is derived from G. L. (Ter. Ed.)

c. 40, §§ 25–30B, as appearing in St. 1933, c. 269, § 1, and as amended.

By the report of a master, which was confirmed, it appears that the plaintiff owns a vacant lot at 9 Tyler Street, a short street, the first one south of a main street called Somerville Avenue. Tyler Street runs from Vine Street on the west to Dane Street on the east. In 1925, when the land in the block bounding on Somerville Avenue was zoned for business, the south or rear land on Tyler Street, including the vacant lot owned by the plaintiff, was zoned as Industrial A, for light industry. By the change made in September, 1952, the whole block bounded by Somerville Avenue, Dane Street, Tyler Street, and Vine Street, containing about 3.3 acres, was changed to a Residence B zoning district. At that time there were in that block along Somerville Avenue church property, four stores, a garage, and a dwelling house; along Vine Street church property and dwelling houses; along Dane Street nine dwelling houses; and along Tyler Street dwelling houses and two business properties. On the southerly side of Tyler Street, opposite the vacant lot of the plaintiff on the northerly side, there was a business property owned by the plaintiff. All the neighboring land, comprising about 39 acres, was in an Industrial A district.

On October 22, 1953, a judge of the Superior Court entered a final decree declaring that the change in the zoning ordinance made in September, 1952, is null and void, and ordering the defendant board to issue to the plaintiff a permit to erect a travelling hoist and crane on his vacant lot at 9 Tyler Street. The board appealed.

The effect of the zoning change made in September, 1952, if valid, would be to create in a territory of 42 acres, zoned principally for industry ever since 1925 and so far as appears predominantly industrial in character, a residential island of about 3 acres in which business and industry were forbidden. The master's report contains no suggestion of any change in the character of the three acre block since it was first zoned in 1925. Nothing in that report suggests a rea-

son for the change in the zoning of the three acre block unless it be that a church located within it desires to expand its activities.

The change in zoning which the defendant board purported to make in September, 1952, appears to have been a singling out of one small tract for different treatment from that accorded to similar surrounding land not shown to have been distinguishable from it in character, for no good reason unless it be to gratify one only of the owners in that tract. We think that the court below was right in pronouncing the change made in September, 1952, illegal and void. *Whittemore* v. *Building Inspector of Falmouth*, 313 Mass. 248. *Smith* v. *Board of Appeals of Salem*, 313 Mass. 622. *122 Main Street Corp.* v. *Brockton*, 323 Mass. 646. *Barney & Carey Co.* v. *Milton*, 324 Mass. 440.

Nearer to the instant case on its facts than any of our former decisions that we have found, are a number of recent cases in other jurisdictions, which upon similar facts have held a rezoning illegal and confiscatory because lacking in substantial relation to any benefit to the public. *2700 Irving Park Bldg. Corp.* v. *Chicago*, 395 Ill. 138. *Offner Electronics, Inc.* v. *Gerhardt*, 398 Ill. 265. *Zilien* v. *Chicago*, 415 Ill. 488. *Hannifin Corp.* v. *Berwyn*, 1 Ill. (2d) 28. *Scarborough Apartments, Inc.* v. *Englewood*, 9 N. J. 182. *Vernon Park Realty, Inc.* v. *Mount Vernon*, 122 N. Y. Sup. (2d) 78. In some of these cases it has been said that a rezoning has to be justified by showing either a mistake in the original zoning or a change in the character of the neighborhood since the original zoning. *Wakefield* v. *Kraft*, 202 Md. 136. *Zang & Sons, Builders, Inc.* v. *Taylor*, 203 Md. 628. *Zilien* v. *Chicago*, 415 Ill. 488.

*Final decree affirmed.*