ME. JUSTICE HASWELL,
(specially concurring):
I concur in the result reached by the majority, but I cannot endorse their statement of the applicable law. I would reverse, not on the ground that the city council and the district court made a mistake of fact, but because the rezoning ordinance constitutes prohibited and discriminatory “spot zoning”.
Eezoning by a city council is a legislative act. Bishop v. Town of Houghton, 69 Wash.2d 786, 420 P.2d 368; 1 Anderson, American Law of Zoning, § 4.28. The courts will not interfere unless the rezoning ordinance violates the enabling statutes or the Constitution. State v. Stark, 100 Mont. 365, 52 P.2d 890; Leischner v. City of Billings, 135 Mont. 109, 337 P.2d 359. The majority opinion here, while giving lip service to the enabling statute, has misapplied the applicable standards of review, grounding the opinion on standards of review of orders of administrative boards under special statutes. The standards of review of orders of the Public Service Commission in Fulmer v. Board of E. E. Commissioners, 96 Mont. 22, 28 P.2d 849 and the standards of review of variances granted by Boards of Adjustments in Lambros v. Missoula, 153 Mont. 20, 452 P.2d 398 and Freeman v. Board of Adjustment, 97 Mont. 342, 34 P.2d 534 quoted in the majority opinion have no application to legislative acts of a city council in my opinion.
Here the ordinance rezoned one particular parcel of prop *48 erty out of several hundred acres on a hillside for restrictive zoning. It was not part of a comprehensive plan for the district, but was simply a response to a petition by some of the neighbors. The rezoning of a small parcel of land to the disadvantage of the owner constitutes prohibited “spot zoning” equally with singling out an isolated tract for zoning advantageous to the owner. Wolpe v. Poretsky, 81 U.S.App.D.C. 67, 154 F.2d 330; Kissinger v. City of Los Angeles, 161 Cal.App.2d 454, 327 P.2d 10; Caputo v. Board of Appeals of Somerville, 331 Mass. 547, 120 N.E.2d 753.
Here the rezoning ordinance burdened the Lowe tract far more heavily than several hundred other acres on the hillside. No consideration was given to rezoning the entire hillside. The previous zoning had been in effect for over forty years and was reviewed in 1965 when the city adopted a comprehensive plan which excluded the hillside. The “spot zoning” of the Lowe tract in 1973 was arbitrary, discriminatory and denied the owners due process and equal protection of the laws. It did not. comply with the statute permitting zoning “for the purpose of promoting health, safety, morals, or the general welfare of the community” or district. Section 11-2701, K.C.M. 1947.