No. 91-374

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

YELLOWSTONE VALLEY ELECTRIC
COOPERATIVE, INC.,

      Plaintiff and Respondent,

v.

MONTANA POWER COMPANY,

      Defendant and Appellant.

FILED

DEC 4 - 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Maurice Colberg, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Donald L. Harris; Crowley, Haughey, Hanson, Toole &
          Dietrich, Billings, Montana

      For Respondent:

          Paul G. Olsen; Olsen & Christensen, Billings,
          Montana

      For Amicus Curiae Montana Electric Cooperatives'
      Association:

          Maxon R. Davis; Cure, Borer & Davis, P.C., Great
          Falls, Montana

                  Submitted on Briefs: October 31, 1991

                         Decided: December 4, 1991

Filed:

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the Thirteenth Judicial District Court's order permanently enjoining the Montana Power Company (MPC) from providing electricity to ZooMontana of Billings, Montana. Involved is the District Court's interpretation of Montana's Territorial Integrity Act. The Territorial Integrity Act was adopted in 1971 to aid in the resolution of disputes between electric utilities and electric cooperatives in the event a question arose over which company would provide electrical service to new customers. We affirm.

The appellant, MPC, raises the following issue:

Did the District Court err in enjoining MPC from providing electricity to ZooMontana under Montana's Territorial Integrity Act?

This Court is revisited with a question thought long ago well buried by the passage of the 1971 Montana Territorial Integrity Act. For some twenty years, commencing with Sheridan County Elec. Coop. v. Montana-Dakota Util. Co. (1954), 128 Mont. 84, 270 P.2d 742, to Montana Power Co. v. Sun River Elec. Coop., Inc. (1971), 157 Mont. 468, 487 P.2d 307, this Court struggled with numerous cases between the privately-owned electric companies and the electric cooperatives in Montana. The Territorial Integrity Act, now codified as §§ 69-5-101 et seq., MCA, was enacted to settle and bring to an end these types of cases in the courts of Montana. Like many pieces of legislation, the Territorial Integrity Act was a product of compromise, and seemed to serve that purpose for some

2

twenty years between the time when the last case was before this Court and the present time with the instant case.

The underlying facts of this case are the following:

ZooMontana is a non-profit corporation formed to build and operate a zoo on property located just west of the city limits of Billings, Montana. Following years of fund raising, ZooMontana began the actual construction of the zoo by erecting the education building on its land. Eventually, ZooMontana intends to build a number of buildings and animal exhibits on the property. The construction was to proceed in stages as the funding permitted.

On May 3, 1991, MPC officials met with Yellowstone Valley Electric Cooperative, Inc. officials (the Cooperative) to discuss a number of issues. During that meeting, MPC informed the Cooperative that ZooMontana had requested MPC to provide three-phase power for the education building. MPC stated it intended to supply the power because it had the right to do so under the Territorial Integrity Act of 1971. The Cooperative officials disagreed with MPC's interpretation of the Act.

On May 8, 1991, the Cooperative's general manager sent a letter to MPC which stated in part: "Our measurements show that our Cooperative's electric facilities are closer to the proposed education building than MPCo's." There being no response to the letter, on May 24, 1991, MPC began extending its three-phase line to ZooMontana property. This construction was observed by a Cooperative official for nearly a week and when the line extension was completed to ZooMontana, the Cooperative, on May 30, 1991, obtained from the District Court an ex parte temporary restraining

3

order and order to show cause which enjoined MPC from further construction of its facilities to ZooMontana.

The parties agree to the following: (1) that neither MPC nor the Cooperative would master meter the entire ZooMontana property at the entry point of each party adjacent to its respective three-phase service; (2) that ZooMontana property would utilize in excess of 400 kilowatts within two years and that the project eventually would use over 800 kilowatts; (3) that ZooMontana is a "commercial and industrial premises;" and (4) that the basic issue is the cost to each party of the three-phase line extension.

The District Court heard this matter in two hearings. After the first hearing it was agreed by both parties that the engineering firm of Schmidt, Smith and Rush (SSR Engineers, Inc.) would be appointed to determine the cost of the extension. SSR Engineers, Inc. submitted its report to the court dated June 14, 1991, wherein it set forth the estimated costs.

The District Court found in its Findings of Fact No. 7 as follows:

> 7. Pursuant to Section 69-5-106(2) M.C.A. the parties agreed to an independent consultant engineer, SSR Inc. Engineers, to determine whether [the Cooperative] or MPC can extend its lines to the customer, ZooMontana, at the least cost. SSR's report (Plaintiff's Exhibit 3) was made with several presumptions and concluded that:
>
> (a) the cost to MPC to extend its three phase line prior [sic] from an extension of that line commenced by construction on May 24, 1991, and restrained by [the District Court] by order dated May 31, 1991, to the education building is $24,136.43;
>
> (b) the cost to MPC to extend its three phase line from the ending point after the extension referred to in paragraph 7(a) to the education building is $14,622.46;

4

(c) the cost to MPC to extend its three phase line to the ZooMontana property line is $16,319.49;

(d) the cost to [the Cooperative] to extend its three phase line to the education building is $28,348.86;

(e) the cost to [the Cooperative] to extend its three phase line to the ZooMontana property line is $6,092.45.

The District Court in its Conclusions of Law Nos. 3 and 4 stated:

3. Since the parties agree that the ZooMontana property is a commercial premises with a need of 400 kilowatts or larger within two years and since either party can extend its lines to the user without any cost for the extension, the issue is whether MPC as an electric utility is entitled to priority because it can under the statute "...extend its lines to such industrial or commercial premises at less cost to the electric utility...".

4. Section 69-5-102(7) M.C.A. defines "premises" as:

"Premises" means a building, residence, structure, or facility to which electricity is being or is to be furnished; provided, that two or more buildings, structures, or facilities which are located on one tract or contiguous tracts of land and are utilized by one electric consumer for farming, business, commercial, industrial, institutional, governmental, or trailer court purposes shall together constitute one premises, except that any such building, structure, or facility, other than a trailer court, shall not, together with any other building, structure, or facility, constitute one premises if the electric service to it is separately metered and the charges for such service are calculated independently of charges for service to any other building, structure, or facility.

The premises of the ZooMontana property within the meaning of this statute is the property line of the property. For this reason the appropriate comparisons of cost for [the Cooperative] and MPC to extend their lines to the property line of ZooMontana are the costs referred to in paragraphs 7(c) and 7(e) of the Findings of Fact herein such costs being $16,319.49 to MPC and $6,092.45

5

to [the Cooperative]. Since the cost of extension of the lines to the premises is greater to MPC than [the Cooperative], [the Cooperative] is entitled to provide the electric power to ZooMontana.

On appeal, MPC contends that the correct comparison to be made was MPC's cost of extending the three-phase power extension to the education building in the amount of $24,136.43, as compared to the Cooperative's cost to extend its power to the same building in the amount of $28,348.86. The Cooperative contends that the premises involved here is the entire ZooMontana property so that the cost comparison to be made is the cost of extending three-phase power to the ZooMontana property line. That comparison shows that MPC's cost would be $16,319.49 as compared to the Cooperative's cost of $6,092.45.

Section 69-5-102(7), MCA, defines premises as applicable in this case:

> "Premises" means a building . . . to which electricity is being or is to be furnished; provided, that two or more buildings, structures, or facilities which are located on one tract . . . and are utilized by one electric consumer for . . . institutional . . . purposes shall together constitute one premises . . . [with an exception for separate metering which is not here applicable].

On this issue, the District Court's Findings of Fact No. 8 is pertinent:

> 8. The intent of ZooMontana is to utilize its entire parcel of property for development of its zoo for various buildings, parking areas, exhibits, displays and other uses. Although the education building would be the first place or building located within the total property for which three phase electric power may be needed such power will ultimately be required for the entire zoo. . . .

There is no dispute between the parties as to the foregoing planned

utilization of the entire parcel. Both parties utilize such future developments to arrive at the 400 kilowatts of power needed within two years, and referred to in the statute.

We conclude that such facts establish that the District Court is correct in its conclusion that the premises for this purpose is the property line of the property and not the education building.

We therefore affirm the holding of the District Court that the appropriate cost comparison of the costs of $16,319.49 to MPC and $6,092.45 to the Cooperative; and since the cost of extension is greater to MPC than the Cooperative, the Cooperative is entitled to provide the electric power. We affirm the court's order permanently enjoining MPC from providing electric power to ZooMontana.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

December 4, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Donald L. Harris
CROWLEY LAW FIRM
P.O. Box 2529
Billings, MT 59103-2529

Paul G. Olsen
Olsen & Christensen
P.O. Box 1596
Billings, MT 59103-1596

Maxon R. Davis
Cure, Borer & Davis
P.O. Box 2103
Great Falls, MT 59403-2103


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
     Deputy