DA 06-0679

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 286

COUNTRY HIGHLANDS HOMEOWNERS
ASSOCIATION, INC., a Montana nonprofit
mutual benefit corporation, MARTIN GILMAN
and ALAN McNEIL,

        Plaintiffs and Appellants,

    v.

BOARD OF COUNTY COMMISSIONERS
OF FLATHEAD COUNTY, the governing body
of the County of Flathead, acting by and through
GARY HALL, ROBERT W. WATNE, and
HOWARD W. GIPE, and JOE BRENNEMAN,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                     In and For the County of Flathead, Cause No. DV-03-534B
                     Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

        David Kim Wilson, Jr.; Reynolds, Motl & Sherwood; Helena, Montana

        For Appellee:

        Alan F. McCormick; Garlington, Lohn & Robinson; Missoula, Montana

                     Submitted on Briefs:  December 12, 2007

                                 Decided:  August 12, 2008

Filed:

                                         Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Appellants, Country Highlands Homeowners Association Inc., Martin Gilman, and Alan McNeil (Country Highlands), appeal from the order of the Eleventh Judicial District Court, Flathead County denying their motion for summary judgment and granting summary judgment to Appellee Board of County Commissioners of Flathead County (Board).  We dismiss the appeal because the issues have been mooted.

¶2     Country Highlands raises the following issues on appeal:

¶3     1.    Did the District Court err by ruling that sufficient evidence exists to demonstrate that the Board did not abuse its discretion when adopting a 2004 amendment to the 1987 Growth Policy?

¶4     2.  Did the District Court err by ruling that the 2005 Zoning District amendment was in compliance with the 1987 Growth Policy as amended in 2004?

¶5     The Board raises the following issue:

¶6     3.  Have the issues raised on appeal by Country Highlands been mooted by the adoption of the Flathead County 2007 Growth Policy?

¶7     For the reasons discussed herein, we do not reach Country Highlands' issues.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶8     This lawsuit pertains to the Board's approval of an amendment to the 1987 Flathead County Master Plan[1] (1987 Growth Policy) and an amendment to the Highway

---

[1] Master plans are now statutorily referred to as "growth policies."  *See* § 76-1-106, MCA; *Citizen Advocates for a Livable Missoula Inc. v. City Council*, 2006 MT 47, ¶ 20 n.1, 331 Mont. 269, ¶ 20 n.1, 130 P.3d 1259, ¶ 20 n.1.

93 North Zoning District (Zoning District) for 215 acres of land contiguous to property owned by Country Highlands. The land at issue is located within the Zoning District and is on the east side of Highway 93 across from the Majestic Valley Arena and Raceway Park. The 215 acres, owned by Granite Holdings and Ray and Pat Zinke (Granite Holdings), was the subject of three land use designation changes resulting in the Growth Policy and Zoning District amendments which are the subject of this appeal.

¶9 First, Granite Holdings, which initially owned only 148 acres, sought a zone change for this property from AG-40 agricultural zoning to SAG-5 suburban agricultural zoning. On August 21, 2003, the Board approved the request. While the first zone change request was pending, on April 23, 2003, Granite Holdings submitted an application for the Majestic Hills Subdivision and mixed-use planned unit development (PUD) for the property. The application sought approval of a fifty-two lot subdivision for SAG-5 single family residential development and B-2 commercial development. Approval of this subdivision and PUD was granted by the Board on November 24, 2003.

¶10 Then, Granite Holdings, having acquired approximately sixty-seven additional contiguous acres, changed its plans and on July 23, 2004, requested an amendment to the 1987 Growth Policy to revise the land use designation for the 215 acres from primarily agriculture to residential and commercial. The application requested suburban residential designation for 166 acres and a commercial designation for forty-nine acres. The Flathead County Planning Department evaluated the request and determined that "the project is a potential net positive for Flathead County." Thereafter, the Planning Board

3

held a public hearing, evaluated the request, adopted the Staff Report as findings of fact, and recommended that the Board approve the request. The Board subsequently adopted the Planning Board's resolution and approved the Growth Policy amendment on November 24, 2004 (2004 Growth Policy amendment).

¶11 Thereafter, Granite Holdings submitted an application to amend the Zoning District to rezone the 215 acres from SAG-5, SAG-10 (suburban agricultural) and AG-40 (agricultural) to R-2 (residential) and B-2 (general business). The Planning Department considered the request pursuant to the statutory criteria set forth in § 76-2-205, MCA (2003), conducted a public hearing, adopted the Staff Report as findings of fact, and recommended that the Board approve the request. On March 8, 2005, the Board did so (2005 Zoning District amendment).

¶12 In October, 2003, Country Highlands filed suit in the District Court. Country Highlands filed an amended complaint in April, 2005, alleging in pertinent part that both the 2004 Growth Policy and the 2005 Zoning District amendments were invalid. The Board and Country Highlands each moved for summary judgment. The District Court subsequently denied Country Highlands' motion and granted the Board's motion. The court concluded that the "Board's adoption of the amendment to the growth policy was procedurally and substantively correct [as] . . . authorized by both statutory and case law." Moreover the court determined that "[s]ufficient evidence supports the Board's decision." The court also declared the 2005 Zoning District amendment valid because

the "proper procedures were followed and there was no abuse of discretion by the Board." Country Highlands then appealed.

¶13 While this case was pending on appeal, Flathead County adopted a new growth policy (2007 Growth Policy). This policy replaced the 1987 Growth Policy. The 2007 Growth Policy reenacted the zoning at issue here by incorporating the existing zoning districts, providing: "Land use zoning in existence at the time the Growth Policy is adopted shall remain in place." *Flathead County Growth Policy*, Res. No. 2015A, (Mont.) Ch. 9, p.139 (Mar. 19, 2007).

## STANDARD OF REVIEW

¶14 We review summary judgment rulings de novo. *Yurczyk v. Yellowstone Co.*, 2004 MT 3, ¶ 14, 319 Mont. 169, ¶ 14, 83 P.3d 266, ¶ 14. When reviewing a district court's grant of summary judgment we apply the same evaluation as the district court based on M. R. Civ. P. 56. *Yurczyk*, ¶ 14. Growth policy and zoning designations are legislative acts which courts review for an abuse of discretion. *North 93 Neighbors, Inc. v. Bd. of Co. Commrs.*, 2006 MT 132, ¶ 18, 332 Mont. 327, ¶ 18, 137 P.3d 557, ¶ 18; *Schanz v. City of Billings*, 182 Mont. 328, 335, 597 P.2d 67, 71 (1979) (explaining that "[w]hile neither the trial court nor this Court can substitute its discretion for that of the City Council, the judiciary does have the power to find whether or not there has been an abuse of discretion." (internal quotations omitted)).

## DISCUSSION

**¶15    Have the issues raised on appeal by Country Highlands been mooted by the adoption of the Flathead County 2007 Growth Policy?**

5

¶16    The Board asserts that the issues raised by Country Highlands are now moot. Whether an appeal is moot is a threshold issue we consider prior to deciding the matter on appeal. A "matter is moot when, due to an event or happening, the issue has ceased to exist and no longer presents an actual controversy." *Shamrock Motors, Inc. v. Ford Motor Co.*, 1999 MT 21, ¶ 19, 293 Mont. 188, ¶ 19, 974 P.2d 1150, ¶ 19. An appeal becomes moot when the court cannot grant effective relief or the parties cannot be restored to their original position. *Shamrock*, ¶ 19.

¶17    Country Highlands asserts that the issues on appeal are not moot because the 2005 Zoning District amendment still exists under the 2007 Growth Policy. Country Highlands challenges the 2005 Zoning District amendment on two grounds, that 1) it is inconsistent with the existing Zoning District and 2) it is inconsistent with the 1987 Growth Policy.[2] Country Highlands does not argue the exception to mootness. *See Montana-Dakota Utils. Co. v. City of Billings*, 2003 MT 332, ¶ 7, 318 Mont. 862, ¶ 7, 80 P.3d 1247, ¶ 7.

¶18    As the Board correctly points out, Country Highlands' first argument, that the Zoning District amendment is inconsistent with the existing Zoning District, has been raised for the first time on appeal. Consistent with our well established rule of declining to entertain issues raised for the first time on appeal, we will not consider this argument.

---

[2] For the interplay between growth policies and zoning ordinances, *see* §§ 76-1-605, 76-2-304, MCA; *Citizen Advocates*, ¶¶ 22-25.

*Dayberry v. City of E. Helena*, 2003 MT 321, ¶ 24, 318 Mont. 301, ¶ 24, 80 P.3d 1218, ¶ 24.

¶19 Country Highlands' second argument is two-fold. Country Highlands asserts that the 2005 Zoning District amendment is impermissibly inconsistent with the 1987 Growth Policy because it is premised on the 2004 Growth Policy amendment, which conflicted with the 1987 Growth Policy. Essentially, Country Highlands asks us to invalidate the 2004 Growth Policy amendment on the basis that it was inconsistent with the 1987 Growth Policy, and then invalidate the 2005 Zoning District amendment because it was based on the flawed 2004 Growth Policy amendment.

¶20 The Board asserts that these arguments are now mooted because the 1987 Growth Policy has been repealed and replaced by the 2007 Growth Policy. The Board contends that even if this Court "ruled that the Commissioners improperly amended the 1987 Growth Policy, that document no longer has any effect and no longer presents an actual controversy." Accordingly, the Board argues that "Country Highlands cannot be granted effective relief, cannot be restored to its original position[,] and the matter is therefore moot."

¶21 Country Highlands replies that "if the 2005 zoning amendment is invalid for any reason, including its inconsistency with the Growth Policy in place at the time of its adoption, it is *void ab initio* and should be annulled and set aside." Accordingly, Country Highlands asserts that it "can still be 'restored' to its original position because if the 2005

7

zoning is annulled and set aside, the same public zoning process would be required anew as would have been required prior to the 2007 Growth Policy . . . ." We disagree.

¶22 Even if we were to strike down the 2005 Zoning District amendment by engaging in Country Highlands' two-step analysis of policies which no longer have any effect in Flathead County, the 2005 Zoning District amendment would nonetheless arguably remain valid by virtue of the Board's subsequent action of adopting it within the 2007 Growth Policy. The 2007 Growth Policy reenacted the 2005 Zoning District amendment via incorporation and that action is presumed lawful and valid absent another challenge. *Schanz*, 182 Mont. at 335, 597 P.2d at 71 (explaining that the policy currently in effect is "entitled to the presumptions of validity and reasonableness."). If we were to invalidate the 2005 Zoning District amendment because of asserted inconsistencies with the 1987 Growth Policy, it would still exist and be presumed valid under the 2007 Growth Policy—a later legislative enactment. *North 93 Neighbors*, ¶ 18. A challenge would still be necessary to determine whether it was consistent with the 2007 Growth Policy, which has superseded the 1987 Growth Policy. The issue of whether the 2005 Zoning District amendment is consistent with the current 2007 Growth Policy is not before us for consideration. *Dayberry*, ¶ 24.

¶23 In sum, the particular issues raised on appeal are dependent upon the 1987 Growth Policy, which no longer has any effect in Flathead County. Therefore, any decision by this Court in this appeal cannot grant effective relief and will not return Country

8

Highlands to its original position. Thus, we must dismiss this appeal on mootness grounds.

/S/ JIM RICE

We concur:

/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART