FILED

October 22 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0071

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 353N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

CHARLES LEE REYNOLDS, JR.,

Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause Nos. BDC 95-282;
BDC 96-7; CDC 01-113
Honorable Jeffrey M. Sherlock and Thomas C. Honzel, Presiding Judges

COUNSEL OF RECORD:

For Appellant:

J. Blaine Anderson, Jr., Attorney at Law; Dillon, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General; Sheri K. Sprigg,
Assistant Attorney General; Helena, Montana

Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs: September 30, 2009

Decided: October 21, 2009

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Petitioner Charles Lee Reynolds, Jr. (Reynolds), appeals from orders of First Judicial District Court, Lewis and Clark County, denying his motions to withdraw his admissions to two revocation petitions, to vacate his sentences and to allow him to re-plead and be sentenced to a probationary sentence.

¶3     In 1997 Reynolds was found guilty in separate jury trials of forgery and his seventh DUI. For the DUI and forgery offenses, the Hon. Jeffrey Sherlock, District Court Judge, sentenced Reynolds to ten years, with nine and one-half years suspended, and ten years, all suspended, respectively. The two sentences were to run concurrently to each other, but consecutively to a separate ten year prison sentence Reynolds had received for theft. In 2002, while on parole on his theft sentence, Reynolds pled guilty to fraudulently obtaining dangerous drugs, for which the Hon. Thomas Honzel, District Court Judge, sentenced him to five years, all suspended, at Montana State Prison. This sentence was to be served concurrently with his earlier suspended sentences for DUI and forgery. On February 27, 2002, Reynolds began serving his three concurrent suspended sentences for DUI, forgery, and fraudulently obtaining dangerous drugs. On June 17, 2002, a petition

to revoke Reynolds' suspended sentences was filed and was later amended to add that Reynolds had been convicted of federal offenses for identity theft and bank fraud. In entering a "true" plea to the petition, Reynolds signed an Acknowledgement of Waiver of Rights which stated:

> The State and Defendant agree that the sentence be revoked but that, in BDC 95-282, the Defendant be given nine and one-half (9 ½) years to Montana State Prison. In BDC 96-7, the Defendant be given ten (10) years to Montana State Prison. These sentences run concurrent with each other and concurrent with the sentence Defendant received in federal court.

In its order, the court explained that "[t]he sentences imposed . . . shall run concurrently with each other and with the federal sentence imposed upon defendant."

¶4     However, following sentencing, Reynolds was transferred to Montana State Prison on his State sentences. On August 4, 2003, about two weeks after sentencing, Reynolds wrote a letter to Judge Honzel, stating that he believed there had been a mistake and that he should have been sent to federal prison first. Reynolds' letter indicated that "[f]ederal time does not run concurrent to state time" and that "I'm only getting credit for state time and no federal time." Despite this concern, Reynolds chose to pursue a remedy in the federal system and did not appeal his sentence or move to withdraw his plea until 2008, when he filed the motions herein. Reynolds continued to serve his State prison sentence and ultimately did not receive credit toward his federal sentence for the time he served in Montana State Prison.

¶5     In September 2008, Reynolds filed motions in both Judge Honzel's court and Judge Sherlock's court requesting that he be permitted to withdraw his revocation plea, re-enter a plea, and be granted a probationary sentence. With regard to the cases before

them, the respective courts both reasoned that because Reynolds' motions were filed nearly five years after judgment was entered in his revocation case, the motions were time-barred by the statutory limitations of § 46-15-105(2), MCA.

¶6 Reynolds challenges both orders, and for purposes of appeal these cases have been consolidated. Reynolds argues that the District Courts erred in determining his motions were time-barred and that principles of equitable tolling require us to reach the merits of his motions to withdraw his plea and vacate his sentence to avoid a miscarriage of justice. The State maintains that Reynolds' motions are time-barred under § 46-15-105(2), MCA, because more than a year has elapsed since his original judgment became final and that, in any event, this case is moot because the Court cannot grant effective relief.

¶7 This Court reviews a district court's denial of a petition for postconviction relief or a motion to withdraw a guilty plea to determine whether the district court's findings of fact are clearly erroneous and its conclusions of law are correct. *Hirt v. State*, 2009 MT 116, ¶ 24, 350 Mont. 162, 206 P.3d 908.

¶8 Mootness is a threshold issue that this Court considers prior to deciding the merits of the matter on appeal. *Country Highlands Homeowners Assn. v. Bd. of Co. Commr.*, 2008 MT 286, ¶ 16, 345 Mont. 379, 191 P.3d 424. This Court has held that a case is moot when effective relief cannot be granted or the parties cannot be restored to their original position. *Country Highlands Homeowners Assn.*, ¶ 16. Here, this Court can neither grant effective relief nor restore the parties to their original position. Even assuming arguendo that the District Courts would grant Reynolds the probationary sentences he seeks upon withdrawal of his pleas, there is no guarantee he would receive

4

federal credit for the time served at Montana State Prison. That is a decision for the federal system and is beyond this Court's power. Further, Reynolds has already discharged the State sentences he challenges. As such, this Court cannot grant effective relief or restore Reynolds to his original position. Therefore, we conclude that Reynolds' request to withdraw his revocation admissions and vacate his sentence is moot.

¶9 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Courts correctly interpreted, and there was clearly no abuse of discretion by the District Courts.

¶10 Affirmed.

/S/ JIM RICE

We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS