DA 09-0486

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 50

RICK HULLETT and SUSIE HULLETT,

Plaintiffs and Appellees,

v.

GOTCHA PRODUCTS, INC.,

Defendant and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-08-1047(A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Dale P. Trigg; Trigg Law Firm, Kalispell, Montana

For Appellees:

James C. Bartlett, Attorney at Law, Kalispell, Montana

Submitted on Briefs: February 17, 2010

Decided: March 16, 2010

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Gotcha Products[1] appeals from the decision of the District Court of the Eleventh Judicial District, Flathead County, granting summary judgment to plaintiffs Rick and Susie Hullett.  We affirm.

¶2    Gotcha contends on appeal that the District Court erred by entering summary judgment against it for breach of a lease agreement between the parties, and erred in granting summary judgment against Gotcha on its counterclaims.

## BACKGROUND

¶3    Hulletts and Gotcha entered a written five-year lease for a commercial building near Kalispell, Montana, commencing in February, 2008.  The lessee, Gotcha, failed to make the June, 2008, rent payment of $4,500.  On June 12, 2008, Hulletts sent a written 30-day default notice to Gotcha as required by the lease, demanding payment of the late rent.  The notice provided:

> Please consider this your 30 day notice to vacate the premises . . . or make your monthly payment in full immediately.  Your company is in default on the lease agreement you signed with Rick and Susie Hullett as of June 10, 2008.

Gotcha did not make the June or July rent payments and subsequently vacated the premises.

¶4    Hulletts re-leased the building in September, 2008, but at a rate lower than that provided in the lease with Gotcha.  Hulletts sued for the unpaid rent, for the difference

---

[1] Gotcha Products manufactures and distributes portable animal and pet restraint systems.

2

between the Gotcha lease rate and the new lease rate, and for attorney fees as provided in the lease. Gotcha counterclaimed, contending among other things that Hulletts' written notice was a breach of the lease because it failed to give Gotcha 30 days to cure the default, as required by the lease.

¶5    On April 21, 2009, the District Court entered its Order on Motion for Summary Judgment and Rationale, granting summary judgment for Hulletts. The District Court found that there was no genuine issue of material fact regarding whether Gotcha breached the lease, and no genuine issue that Hulletts were owed back rent, late fees, and the difference between the rent they received under the September, 2008, lease to a third party and the rent provided in the lease to Gotcha. The District Court found that there was no genuine issue of material fact that Hulletts did not breach the lease, did not breach an implied covenant and did not wrongfully evict Gotcha. The District Court held:

> The lease did allow [Gotcha] to cure, however, [Gotcha] did not cure. Instead [Gotcha] vacated the premises. . . . A written notice was sent, [Gotcha] had the opportunity to cure, but did not. [Gotcha] jumped the gun and vacated the premises before the time to cure was up and without any attempt to cure.

The District Court awarded attorney fees to Hulletts, as provided in the lease.

¶6    On May 21, 2009 the District Court entered judgment for Hulletts and against Gotcha for a total of $20,928.35, representing unpaid rent, interest, costs and attorney fees.

**STANDARD OF REVIEW**

¶7    This Court reviews summary judgment decisions de novo, applying the same standards as the district court under M. R. Civ. P. 56. *Country Highlands Homeowners*

3

*Assoc. v. Flathead County*, 2008 MT 286, ¶ 14, 345 Mont. 379, 191 P.3d 424. This Court reviews a district court's conclusions of law to determine whether they are correct. *Bitterrooters for Planning v. Ravalli County*, 2008 MT 249, ¶ 12, 344 Mont. 529, 189 P.3d 624.

## DISCUSSION

¶8 There is no material issue that Gotcha breached the lease by failing to pay the June rent when it was due. Gotcha contends on appeal that Hulletts' written notice of default in turn breached the lease by failing to give Gotcha the 30 days allowed by the lease to cure its rent default.

¶9 The District Court considered and rejected Gotcha's contentions concerning the nature of Hulletts' written notice:

> Paragraph 15 of the lease gives Defendant 30 days to cure. The written notice sent to Defendant stated: "Please consider this your 30 day notice to vacate the premises . . . or make your monthly payment in full immediately." The fact that the written notice made reference to paying immediately does not mean that Defendant was not given the opportunity to cure. The written notice also states "[p]lease consider this your 30 day notice. . . ." The lease did allow Defendant a chance to cure, however, Defendant did not cure. Instead, Defendant vacated the premises. There is no genuine issue of material fact regarding whether the lease was breached by Defendant and Plaintiffs are owed back rent, late fees, and the difference between rent Defendant would have paid and the rent Plaintiffs are now receiving for the premises. There is no genuine issue of material fact that Plaintiffs did not breach the lease, they did not breach the implied covenant and they did not wrongfully evict Defendant. A written notice was sent, Defendant had the opportunity to cure, but did not.

The only facts presented to the District Court on summary judgment were contained in affidavits submitted by Hulletts. Gotcha presented no affidavits or other evidence of any

kind, and presents nothing more than bald assertions that there were genuine issues of material fact precluding summary judgment.[2]

¶10 Hulletts were clearly entitled to summary judgment because there were no genuine issues of material fact and because Gotcha was in default of its lease obligation. The District Court is affirmed.


/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM RICE

---

[2] In addition to presenting no facts in opposition to Hulletts' motion for summary judgment, Gotcha failed to disclose any trial witnesses by the deadline set in the District Court's scheduling order, and failed to participate in a scheduled mediation.